IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-72-BO

| | | |
|---|---|---|
| GRAHAM WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to remand. Defendant has responded and the time for filing a reply has expired. In this posture, the matter is ripe for ruling and, for the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint in Onslow County, North Carolina Superior Court on September 14, 2020. Plaintiff's complaint asserts claims based upon the alleged failure of defendant to pay the proper amount to plaintiff under a homeowner's insurance policy. Plaintiff's claims arise solely under North Carolina law. In his complaint, plaintiff seeks monetary relief in excess of $25,000, but not more than $74,999.99. [DE 1-1 at 12]. Plaintiff confirmed that he sought relief in an amount not greater than $74,999.99 in his response to defendant's interrogatories and requests for admission as well as in his first statement of monetary relief sought signed November 30, 2020. [DE 12-1; 12-2; 12-3]. Plaintiff did, however, deny that he would be estopped from seeking more than the amount of relief sought in his complaint or that his damages would be capped at $74,999.99 in his responsive admissions. [DE 12-2].

On April 13, 2021, plaintiff submitted a second response to defendant's request for monetary relief sought, in which plaintiff indicated that he sought $850,000.00. [DE 14-1]. Based on that notice, defendant removed the action to this Court based upon its diversity jurisdiction. Shortly thereafter, plaintiff provided defendant with an amended response to request for monetary relief sought, indicating that he seeks not more than $74,999.99 in relief. [DE 12-4].

## DISCUSSION

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Upon removal of a state action to federal court, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Removal of a state court action must occur within thirty days after the receipt, through service or otherwise, of a copy of the initial pleading, or thirty days after the receipt of any paper from which it may first be ascertained that the case is or has become one which is removable. 28 U.S.C. § 1446(b). Federal courts are courts of limited jurisdiction and removal jurisdiction is to be strictly construed. *Mulcahey*, 29 F.3d at 151.

It is undisputed that diversity of citizenship exists between plaintiff and defendant. The only issue is whether the amount in controversy exceeds $75,000. "[T]he amount in controversy in an action which is removed because of diversity of citizenship should be measured at both the time of commencement of the action in state court and the time of removal." *Griffin v. Holmes*, 843 F. Supp. 81, 87 (E.D.N.C. 1993) (internal alteration, quotation, citation omitted).

2

Plaintiff states in his motion that the document in which he sought relief in the amount of $850,000.00 was sent in error and due to a lapse in memory of plaintiff's counsel. Plaintiff has since corrected the document, indicating again that his claim is for no more than $74,999.99.

Contrary to defendant's argument, this is not a case where the plaintiff has attempted to reduce the amount in controversy after removal in an attempt to deprive this Court of diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-294 (1938). Plaintiff's complaint clearly limits his requested relief to below $75,000, as do several other of plaintiff's filings. That plaintiff in error returned a request for relief sought indicating he sought $850,000.00, an amount which far-exceeds any amount supported in plaintiff's complaint or other filings, is insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. There is no rule which prevents a plaintiff from limiting his claim to less than the 28 U.S.C. § 1332 jurisdictional amount in order to avoid having his case removed to federal court. *St. Paul Mercury Indem. Co.*, 303 U.S. at 294. It is plain from the record that is what has happened here, and that plaintiff's request for $850,000.00 was simply made in error.

In addition to remand, plaintiff seeks an award of his costs and expenses incurred as a result of the removal. Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court has broad discretion to determine whether an award of fees shall be ordered on remand. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Court, exercising its discretion, declines to award fees and costs in this case.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to remand [DE 12] is GRANTED.

This action is REMANDED in its entirety to the Superior Court for Onslow County, North Carolina.

SO ORDERED, this 14 day of July, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE